UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| TRICHELL JONES | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-792-JD |
| | ) |
| BERLIN-WHEELER INC. | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Trichell Jones, an individual consumer, against Defendant, Berlin-Wheeler Inc, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3. Venue in this District is proper in that the Defendant transacts business in El Reno, Canadian County, Oklahoma, and the conduct complained of occurred in El Reno, Oklahoma.

### III. PARTIES

4. Plaintiff is a natural person residing in El Reno, Canadian County, Oklahoma.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant is a Kansas corporation with its principal place of business located at 2942A SW Wanamaker Dr #200, Topeka, KS 66614.

7. Upon information and belief, Defendant does not maintain a registered agent for service of process in the state of Oklahoma.

8. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## IV. FACTS OF THE COMPLAINT

11. On or about July 8, 2024, Plaintiff reviewed her credit report and observed that Defendant is attempting to collect a debt allegedly owed to Cox Communications in the amount of $533.31.

12. On July 8, 2024, Plaintiff sent a letter to Defendant stating, *"the balance of $533 is not disputed any more please update my reports as such and therefore I refuse to pay"* pursuant to 15 U.S.C. § 1692c(c).

13. Plaintiff's letter was delivered to Defendant on July 11, 2024 via USPS certified mail.

14. Defendant continued collection efforts by forwarding correspondence to Plaintiff via mail dated July 16, 2024 stating in pertinent part, *"enclosed please find the itemized statement that you requested. All payments and inquiries should be directed to this office or please call 1-800-888-7243 or in Topeka 785-271-1000. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose."* Defendant also included several documents which Plaintiff believed to be accounting statements of the debt, in violation of 15 USC 1692c(c).

15. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of intrusion upon seclusion, anger, anxiety, decreased ability to focus on tasks, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. §1692c(c)

16. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

17. Defendant's debt collection efforts violated the FDCPA, particularly §1692c(c) states:

> (a) If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

18. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

19. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 1, 2024

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
PO Box 5302
Edmond, OK 73083

(405) 456-9406
thlegalconsulting@gmail.com